FREDERICK H. GIDDINGS v. HIRAM K. WELLS, TREASURER OF VAN BUREN COUNTY.

99    221
136    11

99    221
143    4   6

*Local option—Proceedings of board of supervisors—Sufficiency of petition—Returns of election—Transcript to Secretary of State.*

1. It is competent for the board of supervisors, when convened for the purpose of determining whether or not an election under the local option law has been prayed for by the requisite number of electors, to collect and collate the required statutory facts through a committee appointed for that purpose.[1]

2. The adoption of the report of the committee, and of a resolution included therein, declaring and determining that such election has been prayed for by the requisite number of electors, is, in legal effect, a declaration and determination by the board of supervisors of that fact, and it cannot be presumed that the fact that the report was made excluded every other inquiry, or that the members of the board did not verify the facts set forth in the report, or possess or avail themselves of any other means of information.

3. How. Stat. § 476, which makes it the duty of the clerk of the board of supervisors to record the vote of each supervisor on any question submitted to the board when required by any member, gives an ample remedy to minorities, and, where the record sets forth the adoption of a resolution without giving the yea and nay vote, it will be presumed that it received the necessary majority vote to authorize its passage.

---

[1] For cases bearing upon the proper construction of the local option law of 1889, see *Moran v. Darby*, 97 Mich. 186, and note.

4. Where the returns made by the inspectors of election bear date as of the day on which the election was held, it will be presumed that the inspectors prepared the same "without recess or adjournment," as required by section 10 of the local option law; citing *Rash v. Whitney,* 4 Mich. 495.

5. The consideration by the board of supervisors, in determining the result of an election under the local option law, of illegal returns from certain townships, will not invalidate the election, where the exclusion of such returns will not destroy the majority in favor of the proposition submitted to the electors.

6. The operation of the local option law in a given county does not depend upon the forwarding, without delay, by the county clerk to the Secretary of State, of a certified transcript of the resolution of prohibition, and of so much of the journal of the proceedings of the board of supervisors as pertains to the election, including the tabular statement of votes, together with a copy of the affidavit of publication of the notice of the adoption of the resolution, as required by section 14 of the local option law; and the failure of the clerk to comply with said provision will not defeat the proceeding.

*Certiorari* to Van Buren. (Buck, J.) Argued February 20, 1894. Decided February 27, 1894.

Relator applied to the circuit judge for *mandamus* to compel respondent to accept relator's bond and the tax for selling intoxicating liquors, and to issue the statutory receipt and card, and brings *certiorari* to review the order denying his application. Affirmed. The facts are stated in the opinion.

*Mills, Osborn & Cavanaugh,* for relator.

*Lincoln H. Titus (Cahill & Ostrander,* of counsel), for respondent.

McGRATH, C. J. This is an application for a *mandamus* to test the validity of proceedings under the local option law in the county of Van Buren. It is contended:

1. That the board of supervisors did not determine and declare that the election had been prayed by the requisite

number of electors, as provided by section 6 of Act No. 207, Laws of 1889. The record shows that, on the first day, the chairman appointed a committee of three to determine and report as to the sufficiency of the petitions; that, on the second day, the committee reported that they had examined the petitions from the several townships, and found the number of qualified electors thereon to be as follows: (Then follow the name of each township, and the number of names on the petition from each, with the total number at the foot of the column.) The committee also found that the whole number of votes cast at the general election held November 6, 1888, was 8,240. The committee included in their report the following resolution:

"*Resolved,* by the board of supervisors of the county of Van Buren, and it is hereby determined and declared by the said board, that such election has been prayed for by the requisite number of electors, to wit, by not less than one-fourth of all the qualified electors of said county."

The record recites that this report was accepted and adopted.

It is urged that this reference was the delegation of a duty which was by the statute enjoined upon the board. There would be some force in the contention if no action had been taken upon the report by the board, or if the board had delegated the matter of the determination to the committee, and empowered such committee to do some act predicated upon the finding so made. The statute does not take away the power of the board to collect and collate facts through committees appointed by it. The board, in terms, made the determination and declaration by the adoption of the report, and it cannot be presumed that the fact that the report was made excluded every other inquiry, or that the members of the board did not verify the facts set forth, or did not possess or avail themselves of any other means of information.

2. That the record does not show the vote by which the report was adopted. Section 475 of Howell's Statutes does provide that the final passage. of a resolution shall require a majority of all the members-elect; but by section 476 it is only made the duty of the clerk to record the vote of each supervisor when required by any member present. This section gives an ample remedy to minorities. When, therefore, the record does not disclose the majority, but it does set forth the adoption of the resolution, it will be presumed that it received the necessary vote under the law.

3. That the returns made by the inspectors of election do not affirmatively show that they were prepared "without recess or adjournment." They do show the date when made,[1] and it will be presumed that the law was complied with. *Rash v. Whitney*, 4 Mich. 495.

4. Two of the returns are dated February 25, the day succeeding the election; and three of them were not filed with the county clerk until March 3, more than five days after the election. Excluding these returns from consideration, the majority in favor of the proposition is 1,116, instead of 1,279. *Friesner v. Common Council*, 91 Mich. 504.

5. That the transcript, provided by section 14 to be forwarded to the Secretary of State without delay, was not filed in that office until May 10. The answer sets forth that it was forwarded May 6. The failure of the clerk to forward the transcript within 12 or 16 days would not defeat the proceeding. *Mandamus* would lie to compel him to forward such transcript. The operation of the law is not made to depend upon the forwarding or filing of this transcript. It is the record made by the county clerk

---

[1] The election was held on February 24, 1890, and the returns bear the same date.

in the journal of the proceedings of the board of supervisors that is made evidence of the fact.

Other objections are raised, but we regard them as without merit.

The judgment is therefore affirmed.

The other Justices concurred.