HANNA *v.* CHALKER.

1. BOARDS OF SUPERVISORS—ALLOWANCE OF CLAIMS—NECESSARY VOTE.

The allowance of a claim against a county is not the "final passage of a measure or resolution," within the meaning of 1 How. Stat. § 475, providing that a majority of the supervisors present may determine all questions before the board, "except upon the final passage or adoption of any measure or resolu-

tion, in which case a majority of all the members-elect shall be necessary."

2. MANDAMUS—LACHES—COUNTY ORDERS.

*Mandamus* to compel the issue of a county order for a claim legally allowed will not be refused on the ground of laches, where the statute of limitations has not run against the claim.

3. BOARDS OF SUPERVISORS—CONTRACTS WITH MEMBERS.

A board of supervisors may employ one of its members to perform a service for it not inconsistent with his duties as a supervisor.

4. SAME—PRESUMPTION OF VALIDITY.

The action of a board of supervisors in employing one of its members will be presumed to be valid, where the employment is not shown to have been brought about by his own vote.

*Certiorari* to Crawford; Sharpe, J.   Submitted January 5, 1904.   (Calendar No. 20,195.)   Decided March 8, 1904.

*Mandamus* by John Hanna and John J. Niederer to compel William S. Chalker, chairman, and James J. Collen, clerk, of the board of supervisors of Crawford county, to issue a county order.   From an order denying the writ, relators bring *certiorari*.   Reversed.

*Main J. Connine*, for relators.

*Henry H. Woodruff*, for respondents.

MOORE, C. J.   This is *certiorari* to review the action of the circuit judge in refusing to issue a writ of *mandamus* compelling the respondents to issue county orders upon a claim which relators insist was allowed them by the board of supervisors.

Crawford county was set of from Kalkaska county in 1879.   It is claimed a question arose about the records in the office of the register of deeds in Crawford county, and in October, 1896, the board of supervisors authorized the relators to transcribe these records.   It is claimed they

entered upon this work, and in January, 1897, were allowed by the board of supervisors, for what they had done, $407.44. A protest was filed with the clerk against this allowance, and no county order was issued upon it.

December 24, 1902, a petition for *mandamus* was filed with the circuit judge to compel the respondents to issue the order. After a full hearing in relation thereto, he refused to issue the writ. He was of the opinion the claim was not allowed by the requisite number of votes, and was also of the opinion relators were guilty of laches; but he bases his action upon the ground first stated. After the claim was presented to the board of supervisors, a motion that it be allowed as charged received four affirmative votes and one negative vote. Supervisor Niederer was excused from voting, and three of the members were absent.

Prior to 1897 the statute read:

"A majority of the supervisors of any county shall constitute a quorum for the transaction of the ordinary business of the county, and all questions which shall arise at their meetings shall be determined by the votes of a majority of the supervisors present, except upon the final passage or adoption of any measure or resolution, in which case a majority of all the members-elect shall be necessary." 1 How. Stat. § 475.

In 1897, and after the board had taken action in relation to the claim in controversy, the statute was amended by inserting after the word "resolution" the words "or the allowance of any claim against the county." 1 Comp. Laws, § 2476. The question, then, is, Was the allowance of this claim the final passage of a measure or resolution, within the meaning of the statute? It is not contended by counsel for respondents that the action taken was the final passage of a resolution, but it is contended allowances of accounts are final measures. No authority is cited in favor of this contention, but it is said, if this construction is not given, all the county money can be expended by less than a majority of the members-elect.

It has, we think, generally been understood, until the

statute was amended, that the presentation of claims against the county to the board of supervisors, and the allowance thereof, was a transaction in relation to the ordinary business of the county. Evidently, this was the construction put upon the statute by the legislature; and, to prevent the possibility of the contingency suggested, the amendment of 1897 was adopted, making a majority vote of all the members-elect necessary in allowing claims. Action of public bodies by the adoption of a motion has been a well-recognized method of procedure for a long time, and has generally been used where the action is not deemed as important or formal as the adoption of a measure or resolution. The allowance of a claim has usually been done by the adoption of a motion to that effect. When a motion has been adopted, we do not think it generally understood a measure has been passed, and the statute ought not to be so construed.

Are relators so guilty of laches that they are not entitled to the writ? If they had a legal claim against the county, which was legally allowed, it may be enforced until the statute of limitations runs against it. In such a case, where *mandamus* is the appropriate remedy, it should not be refused.

It is said that, as Mr. Niederer was a supervisor when the employment was given to relators, the action of the board in making a contract with one of its members is void on the ground of public policy. There is nothing in the record to indicate the resolution providing the employment was brought about by the vote of Mr. Niederer, and the presumption is that it was regularly and validly passed. See *Giddings* v. *Wells*, 99 Mich. 224 (58 N. W. 64). The work which was done by Mr. Niederer was not work pertaining to the duties of his office as supervisor, and was not inconsistent with any duty he owed growing out of his relations as a supervisor, and it was not incompetent for the board to employ him in the capacity in which he acted. See *Ten Eyck* v. *Railroad Co.*, 74 Mich. 227 (41 N. W. 905, 3 L. R. A. 378, 16 Am. St. Rep. 633); *Village of*

*St. Johns* v. *Board of Sup'rs of Clinton Co.*, 111 Mich. 609 (70 N. W. 131); Mechem, Public Officers, § 375.

We think the writ of *mandamus* should be granted.

The other Justices concurred.