COLLINS v. CITY OF DETROIT.

1. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—ANNEXATION
OF TERRITORY—LEGISLATIVE DISTRICTS.
    In submitting the question of annexing territory to a city
    under the home rule act (sections 3309-3312, 1 Comp.
    Laws 1915), the constitutional requirement for the preser-
    vation of representative districts was satisfied by includ-
    ing in the order of submission by the board of super-
    visors a provision that the annexation should be for all
    purposes save that of electing representatives, and the
    fact that neither the notices nor ballots contained the
    provision, as provided in the resolution, did not invalidate
    the proceedings.

2. MUNICIPAL CORPORATIONS—BOARDS OF SUPERVISORS—COUNTIES—
PUBLIC RECORDS—NOTICE—PRESUMPTION.
    The board of supervisors is the legislative body of the
    county, and its proceedings are matter of public record
    of which the electors are presumed to have notice.

3. SAME—PUBLICATION OF PROCEEDINGS—COMPLIANCE WITH STAT-
UTE—EVIDENCE—PRESUMPTIONS.
    It will be presumed that the board of supervisors pub-
    lished a report of its proceedings in a newspaper in com-
    pliance with section 2272, 1 Comp. Laws 1915, in the
    absence of proof to the contrary, and hence that the
    electors had notice that the integrity of legislative dis-
    tricts would be preserved in accordance with a resolution,
    submitting to the electors the question of annexing terri-
    tory to a city for all other purposes.

4. SAME—CONSTITUTIONAL LAW—HOME RULE ACT.
    Although the home rule act (Act No. 279, Pub. Acts 1909,
    1 Comp. Laws 1915, § 3304 et seq.), does not, in terms,
    provide the exact machinery for preserving the franchise
    to the electors of territory annexed to a city, it is not
    therefore unconstitutional and void as an entirety, since
    the necessary legal steps to preserve the right of fran-
    chise were seasonably taken by amending the charter of
    the city and attaching the annexed territory to the ad-
    joining wards.

5. SAME—SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BONDS.

The home rule act provides for the changing of the terri-
torial limits of cities and villages and not of school dis-
tricts; hence school districts within annexed territory and
school bonds are not affected by action annexing territory
to a city under said act.

Appeal from Wayne; Sullivan, J., presiding. Sub-
mitted October 25, 1916. (Docket No. 158.) Decided
March 30, 1917.

Bill by Thomas H. Collins and others against the
city of Detroit and others to have certain annexation
proceedings declared void and for other relief. From
a decree for defendants, plaintiffs appeal. Affirmed.

*Harold H. Emmons,* for appellants.

*Harry J. Dingeman* and *Paul W. Voorheis,* for ap-
pellees.

The bill in this case is filed for the purpose of test-
ing the validity of certain annexation proceedings by
means of which, at the November election in 1915,
certain territory in the townships of Greenfield, Ham-
tramck, and Gratiot was added to the city of Detroit.
The complainants are residents of, and two of them
are electors in, the city of Detroit. One of them is
the owner of real estate and a taxpayer in the city
of Detroit, the other two being owners of real estate
in that portion of the township of Greenfield annexed.
The defendants are the city of Detroit, its board of
assessors and the three townships. The proceedings
were taken under the provisions of the so-called "Home
Rule Act," being Act No. 279, Pub. Acts 1909 (sec-
tions 5447-5455, 2 How. Stat. [2d Ed.], 1 Comp. Laws
1915, § 3304 *et seq.*). It appears that in the summer
of 1915, statutory petitions for said annexations were
filed with the board of supervisors of Wayne county,
which board later passed a series of resolutions, di-

recting that the question of the several annexations be submitted to the electors of the city of Detroit and the several townships at the election to be held November 2, 1915. Each of these resolutions contained the following:

"Said annexation to be, and to be stated in all notices of said election, and the ballots thereon, for all purposes, save the one purpose of electing representatives to the State legislature, and the said annexation, if accomplished, to have no effect whatever as to such election of representatives to the State legislature."

At the election held on November 2, 1915, the several propositions for the annexation of territories involved in this proceeding were carried by very large majorities. A canvass of the votes was made by the board of county canvassers, and the result announced on November 10, 1915. Thereafter the city of Detroit, through its officers, extended its municipal activities over the annexed territories. At the time of the hearing, September 5, 1916, the city had expended in the newly annexed territories upwards of $200,000 in laying water mains to supply city water to the residents of the new territory. Through its proper officers it had approved of 22 new plats within said annexed territory. It had provided for and partially expended for sewers in the new territory, $450,000, and had expended through its board of works for other labor and improvements upwards of $2,600. It had also expended for the installation of street lights in the annexed territory upwards of $30,000, and had made added appropriations to the several ward street-cleaning funds because of the addition of the new territory to several of the old wards. The city also extended its fire protection over the newly annexed districts. A considerable portion of the territory annexed was at the time of its annexation thickly populated, and was not adequately supplied with either

sewer facilities or water, it therefore became necessary in the interest of the public health to afford these facilities at the earliest possible moment. The bill in the case at bar was filed on June 2, 1916, exactly eight months after election day, and more than six months after the annexation had become operative, if said annexation was legally effected. After a full hearing on the merits the bill was dismissed. From this decree plaintiffs appeal.

BROOKE, J. (*after stating the facts*). Counsel for appellants argue three propositions as follows:

"(1) The annexation proceedings are invalid because the question of annexation was not so submitted to the voters as to indicate that the annexation was not to make the territory a part of the city for the purpose of representation in the State legislature, and that the boundaries of representative districts were not to be changed thereby.

"(2) The annexation statute is invalid because it does not secure to the electors in annexed territory the right to vote after annexation.

"(3) The annexation proceedings are invalid because the annexation in question involves the assumption by the city of the school district indebtedness resting upon the annexed territory and because the women taxpayers of the city having the qualifications of male electors were not permitted to vote upon the question of annexation."

We are of opinion that the point first discussed by plaintiff is ruled in principle by *Oakman* v. *Board of Supervisors,* 185 Mich. 359 (152 N. W. 89). We there held that the constitutional requirement for the preservation of the integrity of the representative districts would be satisfied by including in the order of submission a provision that the annexation shall be for all purposes save for the one purpose of electing representatives. It is not contended that the resolution of submission did not contain the necessary pro-

vision, but it is urged that because the resolution provided that the election notices and the ballots should contain the provision, and as neither the notices nor ballots did contain the same, that therefore the constitutional safeguard has been invaded. It is urged that the resolution must not only clearly show that the annexation shall not change the representative districts, but that the question itself must be submitted as framed, so that the voters may understand upon what they are voting. We are unable to agree with this contention. The board of supervisors is the legislative body of the county, and its proceedings are matter of public record of which the electors are presumed to have notice. *People* v. *Hartwell*, 12 Mich. 508 (86 Am. Dec. 70). Section 965, 1 How. Stat. (2d Ed.) (1 Comp. Laws 1915, § 2272), provides that the board of supervisors shall cause to be made out and published, immediately after each session, in at least one well-established newspaper, a report of the proceedings of said board at such session. While there is no proof in this record of such publication, there is none to the contrary, and it must be assumed that the publication was made according to law. The electors about to act upon the proposals must therefore be presumed to have known that the integrity of the legislative districts would be preserved in accordance with the resolution of submission. We therefore think it was unnecessary to set out the proviso herewith in election notices or the ballots, even though the resolution of submission provided therefor.

It is next asserted by counsel for appellants that the so-called "Home Rule Act" is invalid in its entirety because it does not, in terms, secure to the electors in annexed territory the right to vote after annexation. In support of the position taken counsel rely upon the case of *People* v. *Maynard*, 15 Mich. 463, where a statute purporting to organize a new county from ter-

ritory taken from an old one, but containing no organized township, was held void because it did not provide for the organization of townships. The annexation here under consideration was effected in the fall of 1915. No general election was thereafter to be held until the fall of 1916. Shortly after the election an attempt was made by the common council, by the adoption of an ordinance, to attach the annexed territory to the adjoining wards. It is claimed by counsel for appellants that this action was wholly nugatory, and this position is not seriously questioned by counsel for defendants, but it is asserted in the brief for defendants that on August 27, 1916, the defendant city's charter was so amended as to make the annexed territory a part of the adjoining wards, thus enabling all qualified voters in the annexed territory to vote at the primaries and the ensuing election. At the same time the charter itself was amended so as to give the common council the authority to fix or change ward boundaries. Inasmuch as it is apparent that no elector entitled to vote has been deprived of his right of franchise, and that the necessary legal steps to preserve that right were seasonably taken, we are of opinion that the entire act should not be held unconstitutional simply because it does not, in terms, provide the exact machinery for preserving the franchise to the electors of the annexed territory.

The third and last position taken by counsel for appellants is, in our opinion, untenable. A change in the territorial limits of the municipality of the city of Detroit of itself can have no effect upon the school districts within the annexed territory, nor upon the school bonds covering said districts. They will be affected only when action is taken by the several township boards and a committee of the Detroit board of education, under sections 10062-10066, 4 How. Stat. (2d Ed.) (2 Comp. Laws 1915, §§ 5860-5864). We

have repeatedly held that education in this State is not a matter of local concern, but belongs to the State at large. *Board of Education* v. *City of Detroit,* 30 Mich. 505, 510; *Attorney General* v. *Thompson,* 168 Mich. 511 (134 N. W. 722). The "Home Rule Act," itself relating to the annexation of territory, provides (sections 5447-5450, 2 How. Stat. [2d Ed.], 1 Comp. Laws 1915, §§ 3309-3312) for the changing of the territorial limits of *cities* and *villages,* not of school districts.

The decree dismissing the bill is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.