BOARD OF EDUCATION OF THE CITY OF GRAND RAPIDS
*v.* BACON.

1. MUNICIPAL CORPORATIONS—"HOME RULE ACT"—SCHOOLS AND
   SCHOOL DISTRICTS.
   The "home rule act" (Act No. 279, Pub. Acts 1909, as
   amended by Act No. 5, Pub. Acts 1913, 1 Comp. Laws
   1915, § 3304 *et seq.*) provides for changing the territorial
   limits of cities and villages, and not of school districts.
   *Collins* v. *City of Detroit,* 195 Mich. 330.

2. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—STATUTES.
   In an action by the board of education of the city of Grand
   Rapids to recover tuition for attendance in the school dis-
   trict of the city, the court below was in error in dis-
   missing plaintiff's declaration on the ground that de-
   fendant was a resident of the school district of Grand
   Rapids, where the evidence showed that defendant re-
   sided in territory annexed to the corporation of the city
   of Grand Rapids under Act No. 279, Pub. Acts 1909, as
   amended (1 Comp. Laws 1915, § 3304 *et seq.*), but that
   no action had been taken to annex said territory to the
   school district of Grand Rapids under Act No. 86, Pub.
   Acts 1909 (2 Comp. Laws 1915, § 5860 *et seq.*).

Error to superior court of Grand Rapids; Dunham,
J. Submitted April 6, 1917. (Docket No. 81.) De-
cided April 28, 1917.

Assumpsit by the board of education of the city
of Grand Rapids against Frank A. Bacon for tuition.
Judgment for defendant. Plaintiff brings error. Re-
versed.

*Mark Norris,* for appellant.
*Maynard, Freeland & Munshaw,* for appellee.

This is an appeal from an order sustaining a mo-
tion to dismiss a declaration in a suit brought by the
plaintiff to recover tuition from the defendant for his
three children now attending the public schools of

the "school district of Grand Rapids." The defendant denies liability, because he asserts that he and his three children are residents within the territorial limits of the "school district of the city of Grand Rapids," and that therefore the children are entitled to attend school without payment of tuition. The facts, which are undisputed, are thus stated in the brief of counsel for the plaintiff and appellant.

"August 28, 1916, the 'school district of the city of Grand Rapids,' by virtue of its organic act (title XIV, Act No. 593, Local Acts 1905), was a municipal school corporation having jurisdiction of the public schools within the territorial limits of the 'city of Grand Rapids.' The territorial limits of the school corporation and the city corporation were then identical. On that date, ever since, and now, the defendant and his three children were residents outside of those limits, namely, within the territorial limits and jurisdiction of 'school district No. 9, fractional, Wyoming and Paris townships,' a school corporation organized under the general school law of Michigan.

"August 29, 1916, by virtue of proceedings taken under Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3304), home rule act, a portion of 'school district No. 9' aforesaid was annexed to the corporation of the 'city of Grand Rapids.' The portion so annexed included the residence of defendant and his children. Defendant and his children, therefore, from August 30, 1916, to the present time have been and now are residents of the 'city of Grand Rapids.' They claim also to be residents of the 'school district of the city of Grand Rapids,' asserting that the annexation to the 'city' worked *ipso facto* annexation to the 'school district of the city.' At the opening of plaintiff's schools in September, 1916, defendant applied to have his children admitted to the public schools located within the territorial limits of the 'school district of Grand Rapids' as they were prior to the alleged annexation. The children were admitted. They have since attended those schools. During all this period of their attendance, 'school district No. 9, fractional, of Paris and Wyoming townships,' had and maintained in the an-

nexed territory a primary, grammar and high school, which defendant's children might have attended without payment of tuition, had their parents so desired. Plaintiff has demanded payment of the tuition for said children at the rates fixed by its rules for nonresidents of the district. Defendant has refused to pay, claiming to be exempt as a resident of the 'school district of Grand Rapids,' within which his children now attend school."

KUHN, C. J. (*after stating the facts*). The only question in this case, it is agreed, is whether the defendant, after the annexation and by virtue thereof, became a resident of the "school district of the city of Grand Rapids." It seems to us that this question is squarely answered by the recent decision of this court in *Collins* v. *City of Detroit,* 195 Mich. 330 (161 N. W. 905), which opinion has been handed down since the filing of the briefs by counsel in this case. It was there said:

"A change in the territorial limits of the municipality of the city of Detroit of itself can have no effect upon the school districts within the annexed territory, nor upon the school bonds covering said districts. They will be affected only when action is taken by the several township boards and a committee of the Detroit board of education, under sections 10062-10066, 4 How. Stat. (2d Ed.), (2 Comp. Laws 1915, §§ 5860-5864). We have repeatedly held that education in this State is not a matter of local concern, but belongs to the State at large. *Board of Education* v. *City of Detroit,* 30 Mich. 505, 510; *Attorney General* v. *Thompson,* 168 Mich. 511 (134 N. W. 722). The 'home rule act,' itself relating to the annexation of territory, provides (sections 5447-5450, 2 How. Stat. [2d Ed.]) (1 Comp. Laws 1915, §§ 3309-3312), for the changing of the territorial limits of *cities* and *villages,* not of school districts."

The charter of the city of Grand Rapids, here in question, contains the following provision:

"SEC. 439. The city of Grand Rapids, as it may from time to time exist, shall constitute and be one school district. The board of education of the city shall be its school board. In all respects where not modified by this act, such district and such board shall be subject to and governed by the general school laws of this State from time to time in force."

It is urged that it was the legislative intent, both expressed and necessarily implied, that Grand Rapids as a school district and Grand Rapids as a municipal corporation should be identical in scope; that the express intent is shown by the section of the charter above quoted, and the implied intent is shown by the interrelations of the school system and the municipality as expressed in other parts of the charter. It must be borne in mind, however, that the charter act was passed in 1905, and that the legislature, by Act No. 86, Pub. Acts 1909 (2 Comp. Laws 1915, § 5860 *et seq.*), made special provision for altering the boundaries of school districts in cities, and by section 5 of the act repealed all acts or parts of acts conflicting with its provisions. The "home rule act" of 1909, as amended by Act No. 5, Pub. Acts 1913 (1 Comp. Laws 1915, § 3304), the title of which is "An act to provide for the incorporation of cities and for revising and amending their charters," provides for changing the territorial limits of cities and villages, and not of school districts.

We think it follows that proceedings to change the boundaries of the "school district of Grand Rapids" should be had under Act No. 86, Pub. Acts 1909. The circuit judge erred in dismissing the declaration, and his order so holding is reversed, with costs to the appellant.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.