CHARTER TOWNSHIP OF DELTA v DINOLFO

Docket No. 52162. Submitted February 10, 1981, at Lansing.—Decided
      April 23, 1981. Leave to appeal applied for.

Charter Township of Delta brought an action against Paul C.
      Dinolfo, Marsha L. Dinolfo, John T. Sierawski, and Nancy
      Sierawski for failure to comply with a township zoning ordi-
      nance. Plaintiff moved for summary judgment, which motion
      was granted, Eaton Circuit Court, Richard Robinson, J. Defen-
      dants appeal, alleging that the township has no right to define
      the term "family" within its zoning ordinance, that the ordi-
      nance totally prohibits certain land use within the township
      contrary to state statute, and that the ordinance violates their
      equal protection and due process rights. *Held:*

   1. The township's power to enact zoning ordinances is specifi-
cally granted by statute, including the power to regulate the
number of families which may be housed in one building.
Implicit in this power is the ability to define the term "family".

   2. The township zoning ordinances do not totally prohibit the
establishment of defendants' proposed land use.

   3. The township zoning ordinances do not violate defendants'
equal protection or due process rights.

   Affirmed.

1. MUNICIPAL CORPORATIONS — ORDINANCES — CONSTITUTIONAL LAW
      — STATUTES.

   A township's powers to enact ordinances are expressly conferred
   upon it by the Michigan Constitution or by statute, or are
   necessarily implied therefrom.

2. MUNICIPAL CORPORATIONS — ZONING ORDINANCES — STATUTES.

   A township's power to enact zoning ordinances is granted by

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 16 Am Jur 2d, Constitutional Law §§ 350, 351.
   56 Am Jur 2d, Municipal Corporations §§ 374-377.
[2, 3] 82 Am Jur 2d, Zoning and Planning §§ 110, 111.
   Validity of statutory classification based on population—zoning,
      building, and land use statutes. 98 ALR3d 679.
   Exclusionary zoning. 48 ALR3d 1210.

statute, including the power to regulate the maximum number of families which may be housed in any building; necessarily implicit in this grant is a township's ability to define the term "family" (MCL 125.271; MSA 5.2963[1]).

3. MUNICIPAL CORPORATIONS — ZONING ORDINANCES — CONSTITUTIONAL LAW — EQUAL PROTECTION — DUE PROCESS — STATUTES.

A township's zoning ordinance which defines the term "family" pursuant to power impliedly derived from its statutory grant to enact zoning ordinances does not violate either the Equal Protection or Due Process Clauses of the United States or Michigan Constitutions (US Const, Am XIV, Const 1963, art 1, §§ 2, 17, MCL 125.271; MSA 5.2963[1]).

*Foster, Meade, Magill, Rumsey & DeLoff,* for plaintiff.

*McKay, Murphy, Guerre & Whitney, P.C.,* for defendants.

Before: CYNAR, P.J., and J. H. GILLIS and ALLEN, JJ.

PER CURIAM. On May 7, 1980, summary judgment was entered in favor of plaintiff, Charter Township of Delta, against defendants, Dinolfo, et al., by the Eaton County Circuit Court. The summary judgment upheld the constitutionality of the township's low density residential district zoning ordinance. Defendants appeal as of right.

The facts are undisputed. The defendant couples are married, and each owns a home in an area zoned for low density residential use. Residing with each couple are their children and six unrelated adults. All adults are members of the Work of Christ Community, a nonprofit organization. The low density residential district is restricted to single family dwellings. "Family" is defined by § 2.2.0(28) or the ordinance which states:

"*Family:* An individual or a group of two or more persons related by blood, marriage, or adoption, including foster children and servants, together with not more than one additional person not related by blood, marriage, or adoption, living together as a single housekeeping unit in a dwelling unit."

On November 9, 1978, defendants filed an application with the Township Zoning Board of Appeals requesting a variance from the ordinance's definition of family. This request was denied on November 28, 1978. The Township Board of Trustees refused to overrule the zoning board. After defendants failed to comply with the zoning board's order, plaintiff filed the present complaint on February 6, 1979.

Defendants first argue that the township has no authority to define "family" within its zoning ordinances. This is without merit. A township's limited powers are those expressly conferred upon it by the Michigan Constitution, by statute, or necessarily implied therefrom. *Crain v Gibson,* 73 Mich App 192, 200; 250 NW2d 792 (1977). The power to enact zoning ordinances is granted through the zoning enabling act, MCL 125.271; MSA 5.2963(1). Included in the zoning enabling act is a specific grant of power allowing the township to regulate the maximum number of families which may be housed in any building. Necessarily implicit in this grant is the township's ability to define a family. Therefore, the township did not exceed its authority when it defined the term "family".

Defendants next contend that the ordinance violates MCL 125.297a; MSA 5.2963(27a), which states:

"A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a

land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful."

However, the township has not totally prohibited the establishment of defendants' proposed land use. Defendants may establish their homes under § 8.10.3(2) and 8.10.5 of the ordinance.

Lastly, defendants contend that the township zoning ordinance violates the Equal Protection and Due Process Clauses of the United States and Michigan Constitutions. This contention is also without merit. A similar challenge was brought against a similar zoning ordinance in the case of *Village of Belle Terre v Boraas,* 416 US 1; 94 S Ct 1536; 39 L Ed 2d 797 (1974). The United States Supreme Court found no violation of equal protection or due process. The zoning ordinance in *Belle Terre* defined "family" as:

"The word 'family' as used in the ordinance means, '[o]ne or more persons related by blood, adoption, or marriage, living and cooking together as a single housekeeping unit, exclusive of household servants. A number of persons but not exceeding two (2) living and cooking together as a single housekeeping unit though not related by blood, adoption, or marriage shall be deemed to constitute a family.' " *Belle Terre, supra,* 2.

A group of unrelated adults challenged this definition. The United States Supreme Court held that the standard in reviewing a zoning ordinance is the "rational relationship" test. The Supreme Court stated:

"We deal with economic and social legislation where legislatures have historically drawn lines which we

respect against the charge of violation of the Equal Protection Clause if the law be 'reasonable, not arbitrary' (quoting *Royster Guano Co v Virginia,* 253 US 412, 415 [40 S Ct 560; 64 L Ed 989]) and bears 'a rational relationship to a [permissible] state objective.' *Reed v Reed,* 404 US 71, 76 [92 S Ct 251; 30 L Ed 2d 225]." *Belle Terre, supra,* 8.

The Supreme Court further held that the village zoned the area in which defendants' homes were located as single family dwellings to provide an area conducive to family life. The Supreme Court specifically stated that this was a legitimate guideline toward a permissible goal. *Belle Terre, supra,* 9.

We adopt the Untied States Supreme Court's reasoning as our own. Delta Township's zoning ordinances violate neither equal protection nor due process.

Defendants' attempt to come within the holding of *Moore v East Cleveland,* 431 US 494; 97 S Ct 1932; 52 L Ed 2d 531 (1977), is unpersuasive. The *Moore* factual situation is easily distinguishable from that of the present case. The East Cleveland zoning ordinance attempted to limit the definition of "family" to essentially the nuclear family, *i.e.,* the parents and their children. The United States Supreme Court held that the definition of "family" could not be so limited so as to exclude grandchildren living with a grandparent. The *Moore* opinion held that the constitution's protection of the sanctity of the family was deeply rooted in the nation's history and tradition and that such tradition was not limited to respect for the bonds uniting the members of the nuclear family but extended as well to the sharing of their household with uncles, aunts, cousins, and especially grandparents. *Moore, supra,* 504-505.

The present defendants do not come within the *Moore* definition of "family" and, as such, cannot claim the present zoning ordinance, which comports with *Moore,* to be unconstitutional.

Affirmed, no costs, a public question being involved.