HUGHES v REGION VII AREA AGENCY ON AGING

Docket No. 274939. Submitted November 15, 2007, at Lansing. Decided
    November 29, 2007, at 9:05 a.m.

Bob Hughes brought an action in the Bay Circuit Court against
    Region VII Area Agency on Aging, Brian K. Elder, and others,
    alleging, in part, that the employment of Elder, a member of the
    Bay County Board of Commissioners, as legal counsel for Region
    VII violated the provisions of MCL 46.30a that prohibit the
    appointment or employment of a county commissioner by an
    officer, board, committee, or other authority of that county. The
    court, Robert L. Kaczmarek, J., granted the defendants' motion
    for summary disposition, holding that Region VII was not an
    "authority" of Bay County and, therefore, the statute did not
    preclude the employment of Elder by Region VII. The plaintiff
    appealed.

    The Court of Appeals *held*:

    Region VII, a private, nonprofit corporation of which Bay
    County, nine other counties, and the city of Saginaw are members,
    is not an entity to which MCL 46.30a applies. The statutory
    language providing that the prohibited appointment or employ-
    ment of a member of a board of county commissioners be from or
    by an officer or entity "of that county" emphasizes that the statute
    applies only to officers or entities of a particular county over which
    the county has direct and exclusive control. The statute does not
    apply to entities, such as Region VII, in which a county merely
    participates jointly with other public or private organizations and
    over which the county does not have direct and exclusive policy-
    making, advisory, or administrative control. Region VII is not an
    entity under direct and exclusive control of Bay County.

    Affirmed.

COUNTIES — BOARD OF COMMISSIONERS — EMPLOYMENT BY COUNTY OFFICES OR
    ENTITIES.

    The statutory prohibition on the appointment or employment of a
        member of a county board of commissioners by an officer, board,
        committee, or other authority of that county, except as otherwise

> provided by law, applies only to officers or entities of the county over which the county has direct and exclusive control (MCL 46.30a).

*Kim A. Higgs* for the plaintiff.

*Braun Kendrick Finkbeiner P.L.C.* (by *Scott C. Strattard* and *Timothy S. Arnold*) for the defendants.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Patrick D. Filbin*), for Brian K. Elder.

Before: DONOFRIO, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. In this taxpayer suit for recovery of compensation paid and received in alleged violation of MCL 46.30a, plaintiff Bob Hughes appeals as of right the trial court's opinion and order granting summary disposition in favor of defendants.[1] Because we conclude that the prohibitions against appointment or employment of a county commissioner provided for under MCL 46.30a apply only to officers or entities under the direct and exclusive control of the county in which the commissioner sits, and that defendant Region VII Area Agency on Aging (Region VII) is not such an officer or entity, we affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

At its heart, this case arises from the termination of Hughes's wife's employment with Region VII. As a result of receiving information that Hughes had threatened to criticize Region VII's handling of that matter during the broadcast of his radio show on station

---

[1] Although the suit filed by Hughes also involved a claim for defamation, the trial court's summary dismissal of that claim is not at issue in this appeal.

WHNN, defendant Brian Elder, acting as legal counsel for Region VII, sent a letter to WHNN informing its general manager of Hughes's alleged threat and warning that Region VII would pursue legal action against the station for any defamatory statements Hughes made while on the air.

Alleging that Elder's letter was itself defamatory, Hughes subsequently sought to join a state-law claim for defamation with a federal civil rights lawsuit filed by his wife against Region VII under 42 USC 1983. However, the federal court dismissed Hughes's claim, finding no independent or supplemental basis affording it jurisdiction over Hughes's state-law claim.

Following his unsuccessful attempt to litigate his allegations in federal court, Hughes filed the instant suit in the Bay Circuit Court alleging defamation against Elder, his law firm, and Region VII.[2] In a first amended complaint, Hughes added the individual members of the Region VII board of directors as defendants and advanced an additional claim for alleged violation of MCL 46.30a, which provides, in relevant part, as follows:

(1) *A member of the county board of commissioners of any county shall not be eligible to receive, or shall not receive, an appointment from, or be employed by an officer, board, committee, or other authority of that county except as otherwise provided by law.*

(2) In case of an appointment or employment made in violation of this section, both the person making the appointment or employment and the person appointed or employed shall be liable for moneys paid to the person as salary, wages, or compensation in connection with the

---

[2] The firm at which Elder was then employed, defendant Learman, Peters, Sarow & McQuillan, P.L.C., was dismissed by stipulation of the parties before the trial court's grant of summary disposition.

appointment or employment. In case the appointment or employment is made by a committee or board, a member of the committee or board at the time the appointment was made or contract of employment entered into shall be liable. *An action for the recovery of salary, wages, or compensation paid in connection with any appointment or employment made in contravention of this section, may be maintained by a taxpayer of the county.* The moneys recovered in the action shall be deposited in the county treasury to the credit of the general fund.

(3) The prosecuting attorney of the county, upon the request of the taxpayer, shall prosecute the action in the taxpayer's behalf. [Emphasis added.]

Alleging that Elder, as a member of the Bay County Board of Commissioners, was ineligible to serve as counsel for Region VII, Hughes generally complained that the provisions of MCL 46.30a prohibited Region VII's retention of Elder as its general counsel.

Region VII and its individual directors moved for summary disposition of Hughes's claims under MCR 2.116(C)(8) and (10). With regard to Hughes's claim under MCL 46.30a, these defendants argued that the statute plainly prohibits only the appointment or employment of a county commissioner "by an officer, board, committee, or other authority of that county . . . ." Defendants asserted that while Elder was in fact a member of the Bay County Board of Commissioners, Region VII is not an "officer, board, committee, or other authority" of Bay County. Rather, Region VII is a private, nonprofit corporation of which Bay County, along with several other local governmental entities, is simply a member.[3] Defendants further argued that even

---

[3] According to documentary evidence submitted by defendants in support of their motion for summary disposition, although initially organized by private individuals on a "non-stock basis" in 1975, Region VII amended its articles of incorporation in 1985 to provide for organi-

if Region VII is a "public entity" as Hughes alleged in his complaint, Bay County's limited membership interest of less than 10 percent precludes any finding that Region VII is an "authority" of Bay County for purposes of MCL 46.30a.

Elder joined in the motion filed by Region VII and its directors, and also sought summary disposition under MCR 2.116(C)(8) on the ground that, while MCL 46.30a(2) permits a taxpayer to "maintain" a suit for recovery of compensation paid in violation of subsection 1 of the statute, under subsection 3 it is the local county prosecutor who must file the suit. Because Hughes had not alleged that he is the prosecutor for Bay County, Elder argued that Hughes had failed to state a claim under the statute.

Hughes responded that Region VII is in fact an authority of Bay County and its other member governments. In support of this argument, Hughes asserted that the only statutory authority permitting joint endeavors by local governmental bodies is the Urban Cooperation Act (UCA), MCL 124.501 *et seq.* Hughes noted, however, that the members had failed to comply with the act's requirement that any such "interlocal agreement" be in the form of a contract.[4] See MCL 124.505.

---

zation on a "membership basis." The members named at that time were the 10 Michigan counties within the area served by Region VII, namely the counties of Bay, Clare, Gladwin, Gratiot, Huron, Isabella, Midland, Saginaw, Sanilac, and Tuscola. Region VII's articles were again amended in 1997 to add the city of Saginaw as an eleventh member of the corporation. At the time Elder was retained to represent Region VII, the aforementioned counties and the city of Saginaw remained the sole members of the corporation.

[4] In so arguing, Hughes did not explain how the member entities' alleged failure to comply with the provisions of the UCA rendered Region VII an "officer, board, committee, or other authority" of its various governmental members for purposes of MCL 46.30a.

Following a hearing on defendants' motions at which the parties reiterated their respective arguments, the trial court issued an opinion and order granting summary disposition of Hughes's claims in favor of defendants. With regard to Hughes's claim under MCL 46.30a, the court ruled that the absence of any direct control of Region VII by Bay County rendered the statute inapplicable to the retention of Elder as legal counsel for Region VII.[5] This appeal followed.

## II. ANALYSIS

Hughes argues that the trial court erred in concluding that Region VII is not an entity to which MCL 46.30a applies. Thus, Hughes argues, summary disposition of his claim under that statute was improperly granted to defendants. We do not agree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Driver v Hanley (After Remand)*, 226 Mich App 558, 561-562; 575 NW2d 31 (1997). Although defendants filed their motions for summary disposition pursuant to MCR 2.116(C)(8) and (10), the trial court did not state the subrule on which it relied to grant summary disposition in favor of defendants. However, where, as here, the trial court considered material outside the pleadings, this Court will construe the motion as having been granted pursuant to MCR 2.116(C)(10). *Driver, supra* at 562. "A motion for summary disposition may be granted pursuant to MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving

---

[5] The trial court did not address defendant Elder's alternative argument that Hughes lacked standing to initiate a suit under MCL 46.30a. Consequently, that issue is not preserved for this Court's review. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999).

party is entitled to judgment as a matter of law if the claim suffers a deficiency that cannot be overcome." *Id.* (citations omitted).

Because the cause of action at issue here is prescribed by statute, this Court's review must begin with the relevant statutory language. Our goal in undertaking such review is to ascertain and give effect to the intent of the Legislature as derived from the language of the statute. *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 372-373; 652 NW2d 474 (2002). Because the Legislature is presumed to have intended the meaning it plainly expressed, *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), "[t]he fair and natural import of the terms employed, in view of the subject matter of the law," governs, *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998) (citation and internal quotation marks omitted).

In challenging the trial court's grant of summary disposition, Hughes does not dispute that violation of MCL 46.30a plainly requires that a member of a county board of commissioners receive an appointment from, or be employed by, "an officer, board, committee, or other authority of that county . . . ." MCL 46.30a(1). In arguing on appeal that Elder's representation of Region VII falls within these parameters, Hughes principally relies on the fact that Region VII is fulfilling a public, not a private, function.[6] However, the question here is

_____

[6] In challenging the propriety of Elder's representation of Region VII as its legal counsel, Hughes also relies on the provisions of the incompatible public offices act (IPOA), MCL 15.181 *et seq.*, which prohibits a public officer or employee from holding "2 or more incompatible offices at the same time." MCL 15.182; see also 15.181(b). The IPOA is not, however, the basis on which Hughes claims standing to bring this suit. Consequently, we decline to address the extent to which the IPOA might preclude Elder's position as legal counsel for Region VII. For this same reason, we find unavailing Hughes's claim concerning breach of the

not whether the work of Region VII is more aptly described as public or private. Rather, the question in this case is what entities of a county are subject to the restrictions set forth in MCL 46.30a; in particular, whether Region VII is an entity subject to the statute.

In answering this question, we find controlling the plain and unambiguous language of the statute requiring that the appointment or employment of a member of a board of county commissioners be from or by an officer or entity "of that county . . . ." MCL 46.30a(1). The word "that," as used in this context, specifically emphasizes that the statute applies only to officers or entities of a particular county. See *Random House Webster's College Dictionary* (1992), p 1382 (defining "that" as an adjective "used to indicate a person or thing . . . by way of emphasis"). The fair and natural import of this limitation evinces a clear policy choice by the Legislature to limit the statute's application to officers or entities over which a county has direct and exclusive control. This limited application clearly precludes application of the statute to entities in which a county merely participates jointly with other public or private organizations. Thus, we conclude that MCL 46.30a does not apply to the circumstances of this case.

Indeed, as recognized by the trial court, Region VII is not an entity under the direct and exclusive control of Bay County. Rather, the evidence proffered by the parties below indisputably shows that Region VII is an entity unto itself that is independently controlled by its own board of directors. Although each of the various

---

requirements of the UCA. Again, whether the formation of Region VII comports with the procedures for interlocal agreements outlined in the UCA is simply not relevant to the question whether Hughes may maintain a cause of action under MCL 46.30a.

governmental members that comprise Region VII holds the power to appoint a single member to this board,[7] this limited power does not imbue any individual member of Region VII with direct and exclusive policy-making, advisory, or administrative control of that body. Thus, as found by the trial court, "any powers flowing to ... Elder by virtue of his status as a Bay County Commissioner could not secure his selection by the independent governing body of Region VII." See *Crain v Gibson*, 73 Mich App 192, 205; 250 NW2d 792 (1977) (noting that the limitations on the powers of a county commissioner set forth in chapter 46 of the Michigan Compiled Laws "are designed to protect the public by keeping the business of government untainted by the business of self-interest"). As such, although arguably performing a function that is public in nature, Region VII is simply not an "officer, board, committee, or other authority" of Bay County within the plain meaning of MCL 46.30a. The trial court therefore did not err in granting summary disposition of Hughes's suit under that statute.[8]

Affirmed.

---

[7] Pursuant to its amended articles, the board of county commissioners for each member county and the city commission of Saginaw each appoints a member of Region VII's board of directors, with one additional member being elected by the board itself.

[8] Because MCL 46.30a is inapplicable to the facts of this case, we need not address defendant Elder's alternative and unpreserved argument that pursuant to MCL 46.30a(3), a suit under the statute must be brought by the county prosecutor and that Hughes, therefore, lacked standing to assert a claim under MCL 46.30a.