# STATE OF MICHIGAN

# COURT OF APPEALS

SKANSKA-SCHWEITZER, also known as
SKANSKA-SCHWEITZER, A JOINT VENTURE

Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
December 13, 2016

No. 328031
Calhoun Circuit Court
LC No. 14-002227-CK

Before: M. J. KELLY, P.J., and O'CONNELL and BECKERING, JJ.

PER CURIAM.

Plaintiff, Skanska-Schweitzer (Skanska) appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau), in Skanska's declaratory action regarding Farm Bureau's responsibility to defend Skanska in a separate lawsuit. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2006, Skanska and Battle Creek Public Schools (the school) entered into a construction management contract that involved in part renovations to an elementary school's playground. Skanska agreed to specific duties, such as receiving bids and advising the school regarding bid awards. The contract also contained a specific provision that allowed the schools to contract with parties outside of the construction manager contract.

In August 2009, the school contracted with Horrocks Nursery Farms, Inc. (Horrocks) for landscaping services at the elementary school. The landscape contract named Skanska as the construction manager, but it expressly allowed the school to award contracts connected to the project but outside Skanska's administration. Horrocks had a commercial insurance policy with Farm Bureau. The insurance policy specifically named Skanska as an insured and provided coverage for "those sums that the Insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

In late September 2009, the school asked Skanska to obtain a price quote to remove a teeter totter at the elementary school. Skanska's representative, Thomas Beuchler, testified at deposition that he forwarded the request to Horrocks, who informed Skanska that it could do the

work for $1,000. Beuchler informed the school of the price, and the school told Beuchler to have the work done. Beuchler then told Horrocks to proceed with the work and that Skanska would submit a change order shortly. As a Horrocks employee removed the teeter totter, he left the unmoored teeter totter unattended and it fell on Cameron Wiggins. On October 5, Horrocks submitted a "Request Change Order" to add removing the teeter totter to the parties' contract, but Skanska refused to authorize the change order.

Wiggins subsequently sued Horrocks and Skanska for negligence. Skanska submitted letters to Horrocks and Farm Bureau that asked Farm Bureau to defend and indemnify Skanska in the Wiggins action. Skanska ultimately filed its claim for declaratory relief in this action, alleging that Farm Bureau was contractually obligated to defend and indemnify Skanska. Farm Bureau moved for summary disposition, asserting that Horrocks's policy only applied to claims against Skanska for work that Horrocks conducted for Skanska. According to Farm Bureau, because Skanska never approved a change order to add the teeter totter to the scope of the landscaping contract and the school paid Horrocks directly for the work, the teeter totter removal was under a separate contract with the school, and Farm Bureau was not obligated to defend or indemnify Skanska.

Skanska responded that there was a question of fact regarding whether Horrocks removed the teeter totter "for" Skanska. The trial court disagreed, concluding that Horrocks did not remove the teeter totter for Skanska because Horrocks removed it under a separate contract. Accordingly, the trial court also concluded that Farm Bureau did not have a duty to defend or indemnify Skanska. After the trial court denied Skanska's motion for reconsideration, Skanska filed this appeal.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). When a party moves the trial court for summary disposition under MCR 2.116(C)(8) and (10) and the trial court considered documents outside the pleadings when deciding the motion, we review the trial court's decision under MCR 2.116(C)(10). *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116.

This Court reviews de novo the proper interpretation of a contract, *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 469; 663 NW2d 447 (2003), and the legal effect of a contractual provision, *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012). This Court applies the same principles to contractual interpretation as to statutory interpretation, with the purpose of determining and enforcing the parties' intent. See *Klapp*, 468 Mich at 468. The goal of contractual interpretation is to honor the parties' intent and to enforce the contract's plain terms. *Davis v LaFontaine Motors, Inc*, 271 Mich App 68, 73; 719 NW2d 890 (2006). We discern the parties' intent from the contract's language. *Id*.

## III. DUTY TO DEFEND

Skanska contends that the trial court erred when it determined that Farm Bureau had no duty to defend Skanska under Horrocks's policy. We agree.

While both an insurer's duty to defend and its duty to indemnify arise "only with respect to insurance afforded by the policy, . . . the duty to defend is broader than the duty to indemnify." *American Bumper & Mfg Co v Hartford Fire Ins Co*, 452 Mich 440, 450; 550 NW2d 475 (1996). "If the allegations of a third party against the policyholder even arguably come within the policy coverage, the insurer must provide a defense." *Id.* at 450-451. We must resolve any doubt about whether allegations in the complaint come within the scope of the policy in favor of the insured. *Detroit Edison v Mich Mut Ins Co*, 102 Mich App 136, 142; 301 NW2d 832 (1980).

Farm Bureau argues that Skanska cannot rely on the allegations in Wiggins's complaint to determine coverage because Skanska is not insured under Horrocks's policy. The relevant policy language names Skanska as an insured "only with respect to liability . . . in the performance of [Horrocks's] ongoing operations . . . where those operations are being conducted by [Horrocks] for the additional insured."

In the lawsuit regarding the teeter totter, Wiggins alleged that Skanska was liable because of actions taken by a Horrocks employee while the employee was performing landscaping work. Wiggins's complaint sought to hold Skanska liable for injuries that ultimately resulted from Horrocks's actions. We conclude that the trial court erred in granting defendant summary disposition because the allegations in Wiggins's complaint that Horrocks was doing work for Skanska were sufficient to trigger Farm Bureau's duty to defend Skanska against that complaint.

## IV. DUTY TO INDEMNIFY

Skanska also contends that the trial court erred in granting summary disposition regarding Farm Bureau's duty to indemnify because there were genuine questions of material fact regarding whether Horrocks was doing work "for" Skanska. We agree.

As stated in our decision in the companion case, *Wiggins v Horrocks Nursery Farms*, unpublished opinion per curiam of the Court of appeals (Docket No. 328027), removal of the teeter totter was not originally part of the landscape contract between Skanska and Horrocks and was not subsequently made a part of that contract through a change order. However, the language of Horrocks's insurance policy is broader than whether Horrocks and Skanska had a contract regarding the work; under the contractual language, the existence of coverage depends on whether Horrocks performed the teeter totter removal pursuant to ongoing operations that Horrocks was conducting for Skanska:

> **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Declarations [which includes Skanska], but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **1.** Your acts or omissions; or

-3-

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations at all locations where those operations are being conducted by you for the additional insured(s).

The trial court's determination that the teeter totter removal was not part of any direct contract between Skanska and Horrocks, standing alone, does not provide a sufficient basis for granting summary disposition. First, the various construction contracts allowed the school to enter into contracts outside of Skanska's administration but in connection with the project. Accordingly, even if Horrocks did not remove the teeter totter for Skanska but removed it pursuant to a separate contract, the teeter totter removal was at a location where Horrocks was conducting operations for Skanska. Second, while the lack of an express contract is certainly evidence that Horrocks did not remove the teeter totter for Skanska, it does not preclude such a finding. Skanska presented evidence that it procured Horrocks to perform the teeter totter removal for the school and that, without Skanska's involvement, Horrocks would not have been engaged in the teeter totter removal when Wiggins was injured. Third, though Skanska did not approve the change order that Horrocks submitted, Horrocks did in fact submit a request to change its contract with Skanska to include the teeter totter removal. This provides further evidence that the teeter totter removal was a part of ongoing operations that Horrocks was conducting for Skanska.

For these reasons, we conclude that reasonable minds could differ regarding whether Horrocks performed the teeter totter removal pursuant to ongoing operations Horrocks was conducting for Skanska at the elementary school. Accordingly, we conclude that the trial court improperly granted summary disposition on this issue under MCR 2.116(C)(10).

We reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Peter D. O'Connell
/s/ Jane M. Beckering

-4-