# STATE OF MICHIGAN

# COURT OF APPEALS

JANIS HARRIS,

Plaintiff-Appellant,

v

CW FINANCIAL SERVICES LLC, HATCH
ENTERPRISE, INC., and 3341 SOUTH LINDEN
ROAD HOLDINGS, LLC,

Defendants-Appellees.

UNPUBLISHED
January 10, 2017

No.   329868
Genesee Circuit Court
LC No.   14-102720-NO

Before:  RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants in this premises liability action.  We affirm.

The thrust of plaintiff's arguments on appeal is that defendants should be charged with having constructive notice of the black ice on which plaintiff slipped and fell and that their alleged failure to inspect the premises rises to a level of negligence.  We disagree.

This Court will review a trial court's ruling on a motion seeking summary disposition de novo.  *Summer v Southfield Bd of Ed*, 310 Mich App 660, 667; 874 NW2d 150 (2015). Defendants' motion seeking summary disposition of plaintiff's claim was brought pursuant to MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) and (C)(10) (no genuine issue of material fact).  While the trial court's order and ruling from the bench did not specify under which subrule summary disposition was granted, the trial court considered matters outside of the pleadings in ruling on defendants' motion.  Accordingly, it is appropriate for this Court to review the trial court's ruling on defendants' motion as having been granted pursuant to MCR 2.116(C)(10).  *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).  A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for the plaintiff's claim, and the trial court properly considers "affidavits, pleadings, depositions, admissions" and other documentary evidence in ruling on the motion.  *Michigan Battery Equipment, Inc v Emcasco Ins Co*, ___ Mich App ___, ___ NW2d ___ (2016) (Docket No. 326945); slip op at 2 n 1.  Summary disposition may properly be granted pursuant to MCR 2.116(C)(10) when genuine issues of material fact do not exist and judgment as a matter of law may be granted.  *Id*.

In *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), this Court set forth the standard of care that a premises possessor owes to an invitee:

> In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995).

As relevant to this appeal, this duty extends to dangerous conditions of which the premises possessor is aware, or of which the premises possessor ought to be aware.

> With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. *Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.* [*Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012) (footnotes and citations omitted; emphasis added).]

Plaintiff argues at length that defendants had a duty to inspect the area where plaintiff fell, and they had constructive notice of the dangerous icy conditions that caused plaintiff to fall. According to plaintiff, a logical extension of this argument is that defendants were negligent in not fixing the issue, guarding plaintiff against it, or warning her of its existence. *Id.* at 460. In support of her argument, plaintiff relies extensively on this Court's decision in *Grandberry-Lovette v Garascia*, 303 Mich App 566; 844 NW2d 178 (2014). In *Grandberry-Lovette, id.* at 571, 572, a key issue on appeal was whether the trial court erred in determining that the defendant did not have actual or constructive knowledge of crumbling steps that the plaintiff fell on. The *Grandberry-Lovette* Court recognized that the failure to inspect a premises is closely intertwined with the issue of whether the defendant had constructive notice of a dangerous condition. *Id.* at 575. As relevant to this appeal, the *Grandberry-Lovette* Court stated, in pertinent part, as follows:

> In modern cases, the failure to properly inspect is most often framed as one involving constructive notice. When a premises possessor fails to inspect his or her property, or conducts an inadequate inspection, the law will impute knowledge of the dangerous condition to the premises possessor if the dangerous condition is of such a character or has existed for a sufficient time that a reasonable premises possessor would have discovered it. See *Clark v Kmart Corp*, 465 Mich 416, 419-421, 634 NW2d 347 (2001), citing *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968), and *Hulett* [*v Great Atlantic & Pacific Tea Co*, [299 Mich 59, 68; 299 NW 807 (1941)]. Stated another way, a premises possessor cannot avoid liability for the harms caused by a dangerous condition on his or her property by claiming ignorance of its existence if in the exercise of reasonable care the premises possessor should have discovered it. [*Grandberry-Lovette*, 303 Mich App at 575.]

The *Grandberry-Lovette* Court went on to recognize that at the summary disposition stage, a defendant may not establish lack of constructive notice by asserting that the alleged dangerous condition would not have been discovered during the course of a casual inspection. *Id.* at 579. Instead, "the premises possessor must show that the type of inspection that a reasonably prudent premises possessor would have undertaken under the same circumstances would not have revealed the dangerous condition at issue." *Id.* (citation omitted). The issue of constructive notice is relevant to defendants' liability, because under Michigan law, a premises possessor will be liable for a breach of the duty of care where the possessor knew, or should have known, of the dangerous condition on the premises. *Hoffner*, 492 Mich at 460.

In a related vein, plaintiff also argues that defendants' motion for summary disposition was deficient, given that defendants did not produce evidence that they conducted a reasonable inspection of the premises at issue, or that a reasonable inspection would not have put defendants on notice of the dangerous condition that led to plaintiff slipping and falling. However, very recently, the Michigan Supreme Court decided the case of *Lowrey v LMPS & LMPJ, Inc*, ___ Mich ___, ___; ___ NW2d ___ (Docket No. 153025), and clarified the procedures that follow a defendant moving for summary disposition in a premises liability case. For example, in *Lowrey*, the Michigan Supreme Court observed that this Court erred when it held that where the defendant moving for summary disposition had not proven that it did not have actual or constructive notice of a potentially dangerous condition, the plaintiff was not required to present evidence establishing a question of fact on that issue. *Id.*; slip op at 6-7. Instead, the *Lowrey* Court clarified the following with regard to what a defendant must demonstrate when moving for summary disposition:

> Defendant is not required to go beyond showing the insufficiency of plaintiff's evidence. The Court of Appeals erred when it imposed an additional requirement on defendant: to proffer evidence to negate one of the elements of plaintiff's claim. [*Id.*; slip op at 7.]

The *Lowrey* Court also clarified that a defendant in a premises liability case is not required to put forth evidence of a routine inspection to prove that it did not have constructive notice of a dangerous condition. *Id.*; slip op at 8.

> [T]his Court has never required a defendant to present evidence of a routine or reasonable inspection under the instant circumstances to prove a premises owner's lack of constructive notice of a dangerous condition on its property. The Court of Appeals erred when it imposed this new condition on premises owners seeking summary disposition. [*Id.*]

Accordingly, in light of *Lowrey*, plaintiff's contention that defendants were required, in asserting that they did not have constructive notice, to provide proof that a reasonable inspection was conducted, or if conducted would not have revealed the alleged dangerous condition, is without merit. The *Lowrey* Court also stated that, where *Grandberry-Lovette* set forth an incorrect standard for the defendant's burden of proof in summary disposition proceedings, it was incorrect. *Lowrey*, ___ Mich at ___; slip op at 8 n 1.

However, even accepting plaintiff's contention that defendants had constructive notice of the black ice on which plaintiff fell, the dispositive issue that decides this case is whether the black ice constituted an open and obvious condition. The reason this is important is because a premises possessor is only held liable for dangerous conditions on its property "of which the invitee is unaware." *Hoffner*, 492 Mich at 460. Because the law does not impose a requirement of perfection, and there is a prevailing public policy to encourage individuals to exercise reasonable care for their own safety and well-being, a premises possessor is not required " 'to make ordinary [conditions] foolproof.' " *Id.*, quoting *Bertrand*, 449 Mich at 616-617. Therefore, it is well-settled in Michigan that a possessor of land will carry no duty to protect or warn an invitee against a danger that can be characterized as open and obvious.

> The possessor of land "owes no duty to protect or warn" of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid. Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. This is an *objective standard*, calling for an examination of "the objective nature of the condition of the premises at issue." [*Hoffner*, 492 Mich at 460-461 (footnotes and citations omitted).]

This case involves plaintiff falling on black ice in Michigan in January. In *Hoffner*, *id.* at 463-464, the Michigan Supreme Court observed that the notion that snow and ice are openly obvious to all and therefore may not give rise to liability under any circumstances has been rejected in our state's jurisprudence. The *Hoffner* Court set forth the following principles of law regarding ice and snow being an open and obvious condition:

> [A] premises owner has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation, requiring that "reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee." *However, it is also well established that wintry conditions, like any other condition on the premises, may be deemed open and obvious. Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger.* When a condition is deemed open and obvious, a premises owner's duties are considerably narrowed. Thus, as with premises liability law generally, if the condition is open and obvious, a plaintiff who is injured by the condition may avoid summary disposition only if there are special aspects to the condition. [*Id.* at 464 (citations and footnotes omitted; emphasis added).]

Accordingly, we must decide whether the particular circumstances of this specific case, including the surrounding conditions, rendered the black ice that plaintiff fell on open and obvious to the extent that a reasonably prudent person would have anticipated the danger. *Id.*

The leading case addressing the issue whether black ice without the presence of snow can be said to be "an open and obvious danger in and of itself" is *Slaughter v Blarney Castle Oil Co*,

281 Mich App 474, 481, 483; 760 NW2d 287 (2008), where this Court observed the following applicable principles of law:

> Thus, absent special circumstances, Michigan courts have generally held that the hazards presented by snow, snow-covered ice, and observable ice are open and obvious and do not impose a duty on the premises possessor to warn of or remove the hazard.

> \* \* \*

> The overriding principle behind the many definitions of black ice is that it is either invisible or nearly invisible, transparent, or nearly transparent. Such definition is inherently inconsistent with the open and obvious danger doctrine. *Consequently, we decline to extend the doctrine to black ice without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition.* [Footnote and citation omitted; emphasis added.]

In *Slaughter*, the plaintiff slipped and fell at the defendant's gas station and injured her back. *Id*. at 475. The weather conditions on the day of the plaintiff's fall were sunny, it had not snowed that day, or any point during the prior week. *Id*. When the plaintiff got out of her vehicle at the gas station, she lost her footing on the black ice, but had not observed ice or snow on the black asphalt parking lot. *Id*. at 475-476. The *Slaughter* Court noted the following facts when determining whether there was evidence of "other indicia of a potentially hazardous condition." *Id*. at 483. Specifically, the plaintiff had not observed anyone else slipping or needing to hold onto objects in the immediate area. *Id*. The plaintiff had not seen the ice before she fell, and it was also not discernable to her after her fall. *Id*. With regard to weather conditions, there was also no snow present on the ground, and it had not snowed in a week. *Id*.

> Contrary to defendant's assertion that the mere fact of it being wintertime in northern Michigan should be enough to render any weather-related situation open and obvious, reasonable Michigan winter residents know that each day can bring dramatically different weather conditions, ranging from blizzard conditions, to wet slush, to a dry, clear, and sunny day. As such, the circumstances and specific weather conditions present at the time of plaintiff's fall are relevant. [*Id*.]

This Court ultimately concluded that the trial court had correctly determined that a question of fact existed "regarding whether an average person of ordinary intelligence would have been able to discover the danger and risk upon casual inspection[,] . . . [.]" *Id*. This Court also recognized that where considering the application of the open and obvious doctrine where the accumulation of ice and snow is at issue, the following will be imputed to an individual in a premises liability case:

> When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably

be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months. [*Id*. at 479.]

Recent orders from the Michigan Supreme Court are also of guidance. In *Cole v Henry Ford Health System*, 497 Mich 881; 854 NW2d 717 (2014), the Michigan Supreme Court reversed this Court's judgment and remanded to the trial court for entry of summary disposition in favor of the defendant in a premises liability case under the following enumerated circumstances.

Here, the so-called "black ice" was detected by four other witnesses who viewed the premises after the plaintiff's accident. There were several patches of ice evident in the area where the plaintiff fell. In addition, there were numerous indicia of a potentially hazardous condition being present, *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934; 782 NW2d 201 (2010), including seven inches of snow on the ground, some precipitation the previous day, and a recent thaw followed by consistent temperatures below freezing. A reasonably prudent person would foresee the danger of icy conditions on the mid-winter night the plaintiff's accident occurred.

Likewise, in *Janson*, 486 Mich at 935, the Michigan Supreme Court recognized that *Slaughter* is the leading authority on the issue of whether black ice amounts to an open and obvious condition, and after hearing oral argument, reversed the judgment of this Court and remanded the case to the Wayne Circuit Court for reinstatement of the trial court's entry of summary disposition in favor of the defendant. In so ruling, the Michigan Supreme Court noted the following indicia of a potentially hazardous condition that put the plaintiff on notice of an open and obvious condition:

Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. *Novotney v Burger King Corp* (*On Remand*), 198 Mich App 470, 475; 499 NW2d 379 (1993). Moreover, the alleged condition did not have any special aspect. It was avoidable and not unreasonably dangerous. *Joyce v Rubin*, 249 Mich App 231, 243; 642 NW2d 360 (2002). [*Janson*, 486 Mich at 935.]

Viewing the record evidence in the light most favorable to plaintiff, a genuine issue of material fact did not exist with regard to whether the black ice on which plaintiff fell was an open and obvious condition. Accordingly, the trial court erred in its determination in this regard, and defendants should not be held liable for plaintiff's injuries as a matter of law. *Hoffner*, 492 Mich App at 460-461. As plaintiff drove to the Genesee Valley Mall on January 10, 2013, the weather conditions were clear, the roads and parking lot outside Barnes and Noble were clear, and there was no rain or snow falling. However, a review of the record confirm indicia of a potentially hazardous condition existed that would have alerted plaintiff to the presence of ice as she traveled in and out of Barnes and Noble. *Slaughter*, 281 Mich App at 483. Specifically,

plaintiff also testified that the weather was cold, and she estimated that the temperature that morning was approximately 33 degrees Fahrenheit, just above freezing. It was cold enough that plaintiff was wearing her winter jacket, and while the weather was clear and plaintiff did not experience any slippery conditions before her fall that morning, she recalled that there were small piles of snow in the parking lot outside Barnes and Noble where a prior snowfall had been cleared. Photographs attached to both defendants' motion for summary disposition and plaintiff's response to defendants' motion also show the existence of sizeable piles of snow in close proximity to where plaintiff fell.

Plaintiff further testified that after she fell and was lying on the ground she observed "quite a bit of ice." While plaintiff testified that she did not see any salting products on the ground at the time of her fall, salting products had to be applied in order for EMS staff to tend to her. Plaintiff's fall also took place near a drain, but the record does not provide any more detail regarding the functioning of the drain or whether it contributed to the icy conditions outside Barnes and Noble. Moreover, an objective view of the record confirms that the fluctuating weather conditions in the days leading up to plaintiff's fall were such that a reasonable person would have foreseen the potential danger of ice. *Slaughter*, 281 Mich App at 479. Specifically, weather records confirm that the day before plaintiff's fall, January 9, 2013, the high temperature was 45 degrees Fahrenheit, the low temperature was 31 degrees Fahrenheit and the depth of snow was 1 inch. On the actual day of plaintiff's fall, January 10, 2013, the high temperature was 42 degrees Fahrenheit, the low temperature was 19 degrees Fahrenheit, and the snow depth was 1 inch.[1] Accordingly, on the basis of the foregoing, while plaintiff testified that she did not personally see the black ice that she fell on as she walked looking forward, the record evidence confirms that the average person with ordinary intelligence would have discovered the potential danger of the black ice on a casual inspection. *Slaughter*, 281 Mich App at 478. Therefore, where the record evidence, viewed in the light most favorable to plaintiff, did not yield genuine issues of material fact concerning whether the black ice amounted to an open and obvious condition, the trial court correctly granted summary disposition in favor of defendants. While the trial court employed different reasoning in granting defendants' motion for summary disposition, this Court may affirm the trial court's judgment for different reasons. *Arabo v Michigan Gaming Control Bd*, 310 Mich App 370, 389; 872 NW2d 223 (2015).

Affirmed. Defendants may tax costs pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto

---

[1] On January 8, 2013, the high temperature was 38 degrees Fahrenheit, the low temperature was 27 degrees Fahrenheit, and there was a snow depth of 2 inches.