*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OMEGA REHAB SERVICES, LLC,

        Plaintiff-Appellant,

and

ADVANCED SURGERY CENTER, LLC,

        Intervening Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 19, 2019

No. 342067
Wayne Circuit Court
LC No. 16-014980-NF

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this action for recovery of personal protection insurance (PIP) benefits payable under the no-fault act, MCL 500.3101 *et seq*., plaintiff appeals as of right the trial court's order dismissing the claims of intervening plaintiff against defendant. However, the issue on appeal relates to the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) (failure to state a claim), and denying plaintiff's motion for leave to amend plaintiff's complaint.[1] We reverse and remand for further proceedings consistent with this opinion.

---

[1] Shortly after the trial court granted defendant's motion for summary disposition, and denied plaintiff's motion for leave to amend plaintiff's complaint, intervening plaintiff and defendant reached a settlement, and stipulated to the dismissal of intervening plaintiff's claims against defendant. Thereafter, the trial court entered an order dismissing intervening plaintiff's claims

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition, and abused its discretion in denying plaintiff an opportunity to amend its complaint because the antiassignment clause in defendant's insurance contract was unenforceable and contrary to public policy. Given this Court's opinion in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 205-206; ___ NW2d ___ (2018), we agree.

"This Court reviews de novo the trial court's decision to grant or deny summary disposition." *Shah,* 324 Mich at 205-206. The trial court granted summary disposition pursuant to MCR 2.116(C)(8). The standard of review for reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(8) is as follows:

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Shah*, 324 Mich App at 206 (quotation marks and citation omitted).]

However, where a trial court considers material outside the parties' pleadings, this Court will treat the motion for summary disposition "as having been brought and decided under MCR 2.116(C)(10)." *Id.* at 206. In this case, the trial court's ruling was based on the antiassignment clause in defendant's insurance policy with Tom Georgis, the insured party, as well as the June 21, 2017 assignment of Georgis's rights under the insurance policy to plaintiff—neither of which were attached to or referred to in either the complaint or answer. Therefore, because the trial court considered material outside the pleadings, defendant's motion for summary disposition will be treated as having been brought and decided under MCR 2.116(C)(10). See *id.*, citing *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

The standard of review for reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(10) is as follows:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Shah*, 324 Mich App at 207.]

In addition, the standard of review for reviewing a party's motion for leave to amend a pleading is as follows:

---

against defendant. Therefore, plaintiff and defendant are the only relevant parties for purposes of this appeal.

The grant or denial of leave to amend pleadings is within the trial court's discretion. A trial court's decision on whether to permit a party to serve a supplemental pleading is also discretionary. A motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility. Amendment is generally a matter of right rather than grace.

This Court will not reverse a trial court's decision regarding leave to amend unless it constituted an abuse of that discretion that resulted in injustice. An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law. [*Shah*, 324 Mich App at 207-208 (quotation marks and citations omitted).]

Furthermore, "[i]f a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Id*. at 209 (quotation marks and citations omitted). "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Id*. (quotation marks and citation omitted). Under MCR 2.118(A)(2), a party may amend a pleading by leave of the court and such "[l]eave shall be freely given when justice so requires." Moreover, "[q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Shah*, 324 Mich App at 196 (quotation marks and citation omitted).

MCL 500.3143 states, "[a]n agreement for assignment of a right to benefits payable in the future is void." In *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), our Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." However, this decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40.

In *Shah*, 324 Mich App at 196-210, this Court addressed the validity and enforceability of the antiassignment clause used by defendant in its insurance policies. In fact, the antiassignment clause in *Shah* is identical to the antiassignment clause at issue here, which reads:

No assignment of benefits or other transfer of rights is binding upon us unless approved by us.

See *Shah*, 324 Mich App at 182-191. In *Shah*, this Court held that "the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here – an assignment after the loss occurred of any accrued claim to payment – because such a prohibition of assignment violates Michigan public policy[.]" *Id*. at 200. Accordingly, the antiassignment clause here is also unenforceable due to public policy. Georgis accrued a claim against

defendant, his insurer, for "payment of health care services that had already been provided by plaintiff[ ]." *Id*. Because this accrued claim existed "before [Georgis] executed the assignment," he was free to assign his claim to plaintiff. *Id*.[2] Accordingly, the trial court erroneously granted summary disposition in favor of defendant on the basis that the antiassignment provision was enforceable.

Further, we note that plaintiff received its assignment from plaintiff on June 21, 2017. Accordingly, plaintiff only obtained the right to pursue no-fault benefits "for any portion of the loss incurred more than one year before" June 21, 2017, given the one-year-back rule found in MCL 500.3145(1). *Id*. at 205. Moreover, plaintiff's motion to amend its complaint, which was denied by the trial court, is actually a motion to file a supplemental pleading. See *id*., where this Court concluded that the "procurement of the assignment[ ] was an event that occurred after the filing of the original complaint and provid[es] the only means by which plaintiff could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits in this case." *Id*. at 204 (citation omitted). In this case, the trial court denied plaintiff's motion to file a supplemental pleading because it found the antiassignment clause enforceable. Given our conclusion that the antiassignment clause is actually unenforceable, the trial court must reconsider the issue of the supplemental pleading.

We reverse, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause

---

[2] We note that our Supreme Court has granted leave and has ordered the scheduling of oral argument in *Shah*. See *Shah v State Farm Mut Auto Ins Co*, 500 Mich 882; 918 NW2d 528 (2018). However, *Shah* binds this Court unless and until our Supreme Court reverses or modifies this Court's decision. See MCR 7.215(J)(1). We decline defendant's invitation to convene a conflict panel in this matter.