*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COMMITTEE TO BAN FRACKING IN
MICHIGAN,

　　　　　Plaintiff-Appellant,

v

BOARD OF STATE CANVASSERS,

　　　　　Defendant-Appellee.

FOR PUBLICATION
January 21, 2021
9:00 a.m.

No. 354270
Court of Claims
LC No. 20-000125-MM

Before: CAVANAGH, P.J., and JANSEN and SHAPIRO, JJ.

JANSEN, J.

In this constitutional challenge to MCL 168.472a, plaintiff, Committee to Ban Fracking in Michigan (CBFM), appeals as of right the order of the Court of Claims granting summary disposition in favor of defendant, the Board of State Canvassers, under MCR 2.116(I)(1), on the basis of a lack of subject-matter jurisdiction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is the third appeal before this Court in this matter. In 2017, this Court summarized the facts of this case as follows:

> [CBFM] is engaged in a statutory initiative campaign that seeks to include a ballot option to ban horizontal hydraulic fracturing, which is commonly known as "fracking." . . . [CBFM] sought to have the issue on the 2016 ballot and, on April 14, 2015, the Board of State Canvassers approved the form of CBFM's initiative petition. On May 22, 2015, [CBFM] began circulating their petitions and collecting signatures. By November 18, 2015, the 180th day, [CBFM] had collected over 150,000 signatures – but that was less than the required number of 252,523. By June 1, 2016, the deadline for filing initiative petitions for the November 2016 ballot, [CBFM] had over 207,000 signatures – but, again, that was less than the required number. [CBFM] is apparently continuing to collect signatures with the same petition sheets in an effort to have the fracking issue on the November 2018 ballot. Accordingly, on June 1, 2016, [CBFM] filed this action [in the Court of

Claims] challenging the 180-day rule set forth in MCL 168.472a[.] [*Comm to Ban Fracking in Mich v Dir of Elections*, unpublished per curiam opinion of the Court of Appeals, issued March 14, 2017 (Docket No. 334480) (*Comm to Ban Fracking I*), pp 1-2 (footnotes omitted).]

The Court of Claims granted summary disposition of CBFM's claims in favor of the Director of Election under MCR 2.116(C)(8) on the basis that CBFM had failed to establish the existence of an actual controversy where CBFM had failed to collect the required number of signatures or submit their initiative petition to the Secretary of State. *Id*. at 2. This Court affirmed, concluding that "because no actual controversy ripe for declaratory relief exists, the Court of Claims lacked jurisdiction to issue a declaratory judgment and properly dismissed [CBFM's] complaint." *Id*. at 5.

CBFM again appealed to this Court in 2019. This Court summarized CBFM's activities following its first appeal as follows:

> [CBFM] continued to collect signatures and on November 5, 2018 – the day before the 2018 election – [CBFM] sought to file the initiative petition with the Secretary [of State] for a vote, if necessary, in the 2020 election. According to [CBFM], they had collected 270,962 signatures. However, the Director of Elections refused to accept the petition because the front-page summary stated that it was to be voted on at the November 8, 2016 general election and that election had already passed. [CBFM] filed a complaint in this Court seeking a writ of mandamus requiring the director to accept their legislative initiative petition. We denied the complaint. *Comm to Ban Fracking in Mich v Secretary of State*, unpublished order of the Court of Appeals, entered November 15, 2018 (Docket No. 346280).

> In December 2018, [CBFM] filed the instant complaint, challenging the Secretary's action in several respects including a claim that the Secretary had usurped the power of the Board [of Canvassers], which is the only entity charged by statute with determining the sufficiency and adequacy of an initiative petition. [CBFM] also alleged that the petition did not violate MCL 168.471, which provides that petitions must be filed at least 160 days before the election at which the proposal would be voted on. *Comm to Ban Fracking in Mic v Secretary of State*, unpublished per curiam opinion of the Court of Appeals, issued April 2, 2020 (Docket No. 350161) (*Comm to Ban Fracking II*); p 2 (footnote omitted).]

The Court of Claims ultimately granted summary disposition of CBFM's claims in favor of the defendants, determining that the erroneous date listed on the initiative petition violated the statutory requirements of MCL 168.471. *Id*. at 2-3. CBFM appealed, and this Court reversed, concluding that because initiative petitions are not required to state the election at which the proposed law will be voted on, the petition's reference to a previous election did not preclude the question from appearing on the 2020 ballot. *Id*. at 3-4. Further, this Court ordered the Secretary of State to accept the initiative petition as of November 5, 2018, and forward it to defendant for canvassing. *Id*. at 4.

On June 8, 2020, defendant certified that CBFM's petition was insufficient because approximately 89% of the signatures had been collected more than 180 days before the petition had been filed. Therefore, MCL 168.472a barred defendant from counting those signatures. Following defendant's determination that the petition was insufficient, CBFM filed a complaint for a writ of mandamus in the Michigan Supreme Court, asserting that our Supreme Court had original jurisdiction over the action under MCL 168.479. CBFM claimed that it was entitled to "mandamus or any other appropriate remedy," and asked our Supreme Court to declare the 180-day rule found in MCL 168.472a unconstitutional. On July 2, 2020, the Michigan Supreme Court denied CBFM's complaint. *Comm to Ban Fracking in Mich v Bd of State Canvassers*, ___ Mich __; ___ NW2d ___ (2020) (Docket No. 161453).

On July 6, 2020, CBFM filed the instant action in the Court of Claims seeking a declaration that MCL 168.472a was unconstitutional as applied to statutory-initiative petitions. CBFM argued that the 180-day rule found in MCL 168.472a unconstitutionally infringed on Const 1963, art 2, § 9, in which the people of Michigan reserved their right to statutory-initiative petitions. CBFM argued that unlike Const 1963, art 12, § 2, which concerns constitutional-amendment petitions, Const 1963, art 2, § 9 did not include a call for legislative regulation. Thus, according to CBFM, this omission reflected a legislative intent that Const 1963, art 2, § 9 expressly limited the Legislature's authority regarding statutory-initiative petitions. CBFM argued in the alternative that, even if Const 1963, art 2, § 9 permitted the Legislature to regulate statutory-initiative petitions, the 180-day rule was "a direct curtailment of the right and invocation-standard set forth by the Constitution." Plaintiff requested a preliminary injunction to require defendant to canvass plaintiff's petition without excluding signatures that violated the 180-day rule.

Defendant responded, and argued, *inter alia*, that CBFM had not shown it was entitled to injunctive relief: CBFM's action was "untimely and filed in the wrong court." Defendant argued that MCL 168.479 granted exclusive jurisdiction to the Michigan Supreme Court, and the Michigan Supreme Court had already denied CBFM's complaint.

Ultimately, the Court of Claims granted summary disposition in favor of defendant under MCR 2.116(I)(1), opining that it lacked subject-matter jurisdiction over CBFM's claims. The Court of Claims stated:

[T]his Court lacks jurisdiction to grant the relief requested.

* * *

The plain language of [MCL 168.479(2)] is clear – any challenge to [defendant's] decision on an initiative petition must be filed in the Supreme Court. This language is mandatory[.]

* * *

[CBFM] properly pursued its challenge to [defendant's] decision in the Supreme Court, the Court [CBFM] admitted had original jurisdiction over such a challenge. Because the Supreme Court has jurisdiction over these challenges, this Court has none and can proceed no further.

-3-

The Court of Claims thus dismissed CBFM's complaint. This appeal followed.

## II. STANDARD OF REVIEW

CBFM first argues that the Court of Claims erroneously determined that it lacked subject-matter jurisdiction over its claims on the basis of its erroneous interpretation that the Michigan Supreme Court had exclusive jurisdiction over its claims under MCL 168.479. More specifically, CBFM argues that our Supreme Court's jurisdiction under MCL 168.479 is actually nonexclusive where MCL 600.6419 vests the Court of Claims with exclusive jurisdiction to hear claims for declaratory relief against the state, and CBFM is seeking declaratory relief. We disagree, and conclude that MCL 168.479 controls in this case because it is the more recent and specific statute.

The Court of Claims granted summary disposition in favor of defendant under MCR 2.116(I)(1) on the basis that it lacked subject-matter jurisdiction to consider CBFM's claims. MCR 2.116(I)(1) provides: "(1) If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Additionally, this Court reviews whether a trial court has subject-matter jurisdiction de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013). This Court also reviews issues of statutory interpretation de novo. *Id*.

## III. ANALYSIS

Whether a statute applies in a certain case is an issue of statutory interpretation. *In re Forfeiture of $176,598*, 465 Mich 382, 385; 633 NW2d 367 (2001). When interpreting a statute, this Court's goal is to give effect to the intent of the Legislature. *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 13; 795 NW2d 101 (2009). The language of the statute itself is the primary indication of the Legislature's intent. *Id*. This Court interprets statutes by considering "[t]he fair and natural import of the terms employed, in view of the subject matter of the law[.]" *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 274; 744 NW2d 10 (2007) (quotation marks and citation omitted). This Court must read the statute as a whole and may not read provisions in isolation. *Robinson v Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010).

MCL 600.6419(1) provides that, "[e]xcept as provided in [MCL 600.6421] and [MCL 600.6440], the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive."[1] MCL 600.6419(1)(a) provides in pertinent part that the Court of Claims has jurisdiction "[t]o hear and determine any claim or demand, statutory or constitutional, . . . or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers . . . ."

---

[1] MCL 600.6421 creates exceptions for trials by jury, and MCL 600.6440 precludes claims for which there is an adequate remedy in federal court.

Comparatively, MCL 168.479 concerns the Michigan Supreme Court's jurisdiction to hear decisions by those aggrieved by a decision of defendant and provides as follows:

(1) Notwithstanding any other law to the contrary and subject to subsection (2), any person who feels aggrieved by any determination made by the board of state canvassers may have the determination reviewed by mandamus or other appropriate remedy in the supreme court.

(2) If a person feels aggrieved by any determination made by the board of state canvassers regarding the sufficiency or insufficiency of an initiative petition, the person must file a legal challenge to the board's determination in the supreme court within 7 business days after the date of the official declaration of the sufficiency or insufficiency of the initiative petition or not later than 60 days before the election at which the proposal is to be submitted, whichever occurs first. Any legal challenge to the official declaration of the sufficiency or insufficiency of an initiative petition has the highest priority and shall be advanced on the supreme court docket so as to provide for the earliest possible disposition.

Mandamus is a discretionary writ and an extraordinary remedy. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).

At first glance, MCL 600.6419 and MCL 168.479 appear to be in conflict. MCL 600.6419(1) provides that the Court of Claims has exclusive jurisdiction to hear extraordinary writs against the state or any of its departments or officers, but MCL 168.479(1) grants jurisdiction over determinations made by defendant exclusively to the Michigan Supreme Court.

If there is conflict or tension between statutes, this Court must engage in judicial interpretation to harmonize the conflicting provisions and carry out the intent of the Legislature. *Nowell v Titan Ins Co,* 466 Mich 478, 483; 648 NW2d 157 (2002). "Statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *O'Connell v Dir of Elections*, 316 Mich App 91, 99; 891 NW2d 240 (2016) (quotation marks and citation omitted). If there is a conflict between statutes that are *in pari materia*, a more recent and specific statute controls. *Id.*

MCL 168.479 and MCL 600.6419 are *in pari materia* because each statute relates to subject-matter jurisdiction. Of these two statutes, MCL 168.479 controls because it is more recent and specific. MCL 168.479 was amended by our Legislature in 2018, see 2018 PA 308, and in contrast, MCL 600.6419 was amended in 2013 by 2013 PA 164. MCL 168.479 also specifically applies to requests for relief from specific determinations made by the board of state canvassers, as in this case. Comparatively, MCL 600.6419 is broader and applies to all claims against the state, its departments, or its officers. Therefore, because MCL 168.479 is more recent and specific, we conclude that creates an exception to the exclusive jurisdiction of the Court of Claims and controls in this case.

MCL 168.479(1) provides in pertinent part that "any person who feels aggrieved by any determination made by the board of state canvassers *may* have the determination reviewed by

mandamus or other appropriate remedy in the supreme court." (Emphasis added.) Courts should generally give the word "shall" a mandatory meaning and the word "may" a permissive meaning, "unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole." *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982).

CBFM argues that the permissive language found in MCL 168.479(1) supports its position that it was entitled to file a later action in the Court of Claims after the Michigan Supreme Court denied its mandamus action. Indeed, if MCL 168.479(1) did set forth a permissive invitation to file complaints concerning decisions by defendant with the Michigan Supreme Court, rather than as a mandatory provision, it would frustrate the legislative intent of MCL 168.479. Specifically, MCL 168.479(1) provides that a person "may" have a determination made by defendant reviewed in the Michigan Supreme Court. However, CBFM fails to consider MCL 168.479 as a whole. MCL 168.479(2) is clear that any person challenging the determination made by defendant regarding sufficiency or insufficiency of an initiative petition is required to file a timely legal challenge in the Michigan Supreme Court. See MCL 168.479(2), which unambiguously provides:

> (2) If a person feels aggrieved by any determination made by the board of state canvassers regarding the sufficiency or insufficiency of an initiative petition, the person must file a legal challenge to the board's determination in the supreme court within 7 business days after the date of the official declaration of the sufficiency or insufficiency of the initiative petition or not later than 60 days before the election at which the proposal is to be submitted, whichever occurs first. Any legal challenge to the official declaration of the sufficiency or insufficiency of an initiative petition has the highest priority and shall be advanced on the supreme court docket so as to provide for the earliest possible disposition.

The stated purpose of MCL 168.479 is to have any legal challenge to the sufficiency or insufficiency of an initiative petition decided as promptly as possible, by our Supreme Court. Reading MCL 168.479(1) and (2) together, we conclude that the most logical interpretation of the statute is that the permissive word "may" in subsection (1) provides that the Michigan Supreme Court may review the issue, and subsection (2) establishes the procedure to have a decision made by defendant reviewed. To be clear, the permissive language in MCL 168.479 does not create a choice of forum for potential litigants, it merely serves as an invitation of judicial review to an aggrieved party.

In sum, we conclude that the Court of Claims did not err by granting summary disposition in favor of defendant where it lacked subject-matter jurisdiction over CBFM's claims. CBFM's sole legal remedy in this case was to file a legal action in the Michigan Supreme Court, which it did. CBFM was entitled to file any legal challenge in our Supreme Court, including a request for declaratory and injunctive relief; it was not limited to its mandamus action. However, having filed an action in the Michigan Supreme Court, and the Michigan Supreme Court having denied CBFM's mandamus complaint, CBFM has exhausted its legal remedies with respect to judicial review of defendant's insufficiency determination of its initiative petition.

On appeal, CBFM also challenges the constitutionality of MCL 168.472a, known as the 180-day rule, and requests relief in time for the 2020 election. However, given our conclusion that

the Court of Claims did not have subject-matter jurisdiction of CBFM's claims, we need not address these issues.

Affirmed. Defendant, as the prevailing party, is entitled to tax costs. See MCR 7.219(A).


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh